**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**WILLIE JAMES YELDON, 97-B-1012,**

                                     **Plaintiff,**                    **07-CV-370(Sr)**

**v.**

**BRIAN Fischer, et al.,**

                              **Defendants.**

_____

<u>**DECISION AND ORDER**</u>

              Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #34.

              By Decision and Order entered March 31, 2011, the Court granted defendants' motions for summary judgment and directed the Clerk of the Court to enter judgment in favor of defendants.  Dkt. #79.  Judgment was entered on April 1, 2011.  Dkt. #80.

              On May 5, 2011, plaintiff moved for reconsideration on the ground that he had no notice of the pending motion for summary judgment and no response to his request for counsel.  Dkt. #82.  Plaintiff also filed a motion to appoint counsel (Dkt. #81), and a response to defendants' motion for summary judgment.  Dkt. #83.

              The Court has previously denied three motions to appoint counsel.  Dkt. ##8, 53 & 75.  In addition, defendants' properly advised plaintiff of his obligation to oppose the motions for summary judgment as required by *Irby v, New York City Transportation Authority*, 262 F.3d

412 (2d Cir. 2001).  Dkt. ##63 & 69.  Furthermore, plaintiff submitted an affirmation and memorandum of law in response to the motions for summary judgment, which the Court carefully considered.  Dkt. #72.

Federal Rule of Civil Procedure Rule 60(b) provides as follows:

On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b) is not to be used as a substitute for an appeal.  *Diamond v. Pataki*, No. 03 CIV. 4642 (SHS), 2004 WL 1924755, at *8 (S.D.N.Y. Aug. 27, 2004).

Plaintiff's current response to the motion for summary judgment does not satisfy the requirements of Rule 60 or otherwise demonstrate cause for relief from the entry of summary judgment in defendants' favor.  As a result, the motion for reconsideration is denied and the motion for appointment of counsel is terminated.

**SO ORDERED.**

**DATED:**   **Buffalo, New York**
              **May 26, 2011**

                                    **s/ H. Kenneth Schroeder, Jr.**
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**