UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**WILLIE JAMES YELDON, 97-B-1012,**

                           **Plaintiff,**                  07-CV-370(Sr)

**v.**

**BRIAN FISHER, et al.,**

                           **Defendants.**

---

## DECISION AND ORDER

By Decision and Order entered March 31, 2011, the Court granted defendants' motions for summary judgment and directed the Clerk of the Court to enter judgment in favor of defendants.  Dkt. #79.  Upon appeal, it was determined that the Consent to Jurisdiction by the Magistrate Judge (Dkt. #34), was filed improperly and the matter was remanded for the district court to either dispose of the summary judgment motions in the first instance or to deem the Decision and Order a Report, Recommendation and Order and afford the plaintiff an opportunity to file objections thereto.  Dkt. #89.

Currently before the Court is plaintiff's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  Dkt. #90.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent

litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

    5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

       The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*,

243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law.  Plaintiff has demonstrated an ability to articulate the relevant facts and legal authority to the Court in opposition to defendants' motions for summary judgment and all that remains in this action is for the district court to determine whether to treat this Court's Decision and Order with respect to those motions as a Report, Recommendation and Order or to determine the merits of the summary judgment motion in the first instance.  As a result, plaintiff's motion for appointment of counsel (Dkt. #90), is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

DATED:	Buffalo, New York
	April 29, 2013

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**