**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

WILLIE JAMES YELDON (97B1012),

        Plaintiff,

           v.

BRIAN FISHER, et. al.,

        Defendants.
_____

07-CV-370

**ORDER**

On March 8, 2016, the parties in this case filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a). Docket No. 101. The stipulation was signed by Plaintiff, Plaintiff's counsel, and Defendants' counsel. The next day, based on the parties' stipulation, the Court ordered the Clerk of the Court to terminate this action. *See* Docket No. 102. Several months later, Plaintiff, now proceeding *pro se*, filed a "Petition Against Illegal and Unconstitutional Stipulation of Dismissal Without Jurisdiction, of Northern District in Western District Case." Docket No. 103.

Plaintiff's motion appears to contest the stipulation of dismissal filed in this case. The parties' stipulation was part of a global settlement agreement that also disposed of a case brought by Plaintiff in the Northern District of New York. That settlement agreement was signed in open court following a settlement conference conducted by United States Magistrate Judge Andrew Baxter in the Northern District of New York. *See* Docket No. 107, Ex. B (Tr. of Settlement Conference).

After signing the global settlement, Plaintiff filed a motion in the Northern District of New York similar to the one he has filed in this case. Magistrate Judge Baxter issued a thorough Report and Recommendation recommending that Plaintiff's motion be

denied and that the settlement agreement be enforced.  *Id.* Ex. E.  Magistrate Judge Baxter construed Plaintiff's motion as one seeking relief pursuant to Federal Rule of Civil Procedure 60(b) and proceeded to analyze whether Plaintiff might be entitled to relief based on Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"); Rule 60(b)(3) ("fraud"); or Rule 60(b)(6) ("any other reason that justifies relief").  After analyzing each possible basis for relief, Magistrate Judge Baxter concluded that "plaintiff, represented by competent counsel, and recognizing his poor prospects for success at trial, executed a clear and unambiguous written settlement agreement on the record, in open court.  He has stated no basis to withdraw from his settlement agreement or to vacate the stipulated dismissal of his action under Rule 60(b)."  *Id.* at 10.  Plaintiff objected to Magistrate Judge Baxter's Report and Recommendation, but after *de novo* review, District Judge Mordue adopted the Report and Recommendation in its entirety.  *See Yeldon v. Caulkin*, 9:12-CV-1564 (NAM/ATB), Docket No. 106 (Aug. 2, 2016).

As Magistrate Judge Baxter did, the Court construes Plaintiff's motion as one seeking relief pursuant to Federal Rule of Civil Procedure 60(b).  And as Magistrate Judge Baxter concluded, Plaintiff's Rule 60(b) motion in this case (Docket No. 103) should be denied.  The Court adopts Magistrate Judge Baxter's reasoning as its own and denies Plaintiff's motion.  Plaintiff's motion for appointment of counsel (Docket No. 104) is denied as moot.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to vacate (Docket No. 103) is denied, and his motion to appoint counsel (Docket No. 104) is denied as moot.

**SO ORDERED**.

Dated: November 23, 2016                    _s/Richard J. Arcara_____
        Buffalo, New York                   HONORABLE RICHARD J. ARCARA
                                            UNITED STATES DISTRICT JUDGE