**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

WILLIE JAMES YELDON (97B1012),

        Plaintiff,

        v.

BRIAN FISHER, et. al.,

        Defendants.
_____

07-CV-370
**ORDER**

On November 23, 2016, the Court denied the Plaintiff's *pro se* Rule 60(b) motion to vacate, concluding that "plaintiff, represented by competent counsel, and recognizing his poor prospects for success at trial, executed a clear and unambiguous written settlement agreement on the record, in open court. He has stated no basis to withdraw from his settlement agreement or to vacate the stipulated dismissal of his action under Rule 60(b)."  Docket No. 113 at 2 (quoting Docket No. 107, Ex. E at 10).

The Plaintiff has since moved for reconsideration of the Court's November 23 Order.  *See* Docket No. 114.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The Plaintiff's motion does not meet that standard.  Instead, his motion largely rehashes complaints about his assigned counsel in the U.S. District Court for the Northern District of New York, who represented the Plaintiff when he executed a global settlement agreement ending both this case and the Northern District case.  Those

complaints, however, were the primary basis for the Plaintiff's motion to vacate. The Plaintiff identifies nothing the Court overlooked when it denied that motion, and for that reason, his motion for reconsideration is denied.

**SO ORDERED**.

Dated: January 21, 2017            _s/Richard J. Arcara_
      Buffalo, New York            HONORABLE RICHARD J. ARCARA
                                                                UNITED STATES DISTRICT JUDGE